ROBERTSON, Justice:
On February 27, 1971, A. S. Johnson filed a request with the Zoning Board of Gulfport, Mississippi, to change the zoning of 22 lots in Venetian Gardens Subdivision from Residential to Commercial “A” so that he could build a 60-unit apartment complex thereon. No plats, plans or specifications of any kind were attached to the request to rezone. The request consisted of 2 short paragraphs on one sheet of Johnson’s letterhead stationery.
On April 7, 1971, the Zoning Board with four members present, after discussing the Johnson request, passed this motion: “[T]he Board recommends that the above described property be rezoned from Residential to Commercial ‘A’ District.”
On June 15, 1971, the Mayor and Board of Commissioners of the City of Gulfport, consisting of Mayor Philip W. Shaw, Commissioner Charles L. Walker, who was also City Clerk, and Commissioner H. E. Blakes-lee, approved by a two to one vote Johnson’s request to rezone; Shaw and Walker voting “For” and Blakeslee voting “Against”.
The only finding of the rezoning ordinance was:
“[T]he Mayor and Board of Commissioners of the City of Gulfport, Mississippi, do find and determine that the general welfare of the Community as well as the existing needs and development and a reasonable consideration of the character of the district and suitability for particular purposes, . . . ”
Ray E. Smith and others, being 100% of the home owners in Venetian Gardens Subdivision, appealed to the circuit court of Harrison County by Bill of Exceptions, signed by the Mayor, as being a true and correct statement of “the facts, judgment and decision,” required by Section 1195, Mississippi Code 1942 Annotated (Supp. 1972).
The Bill of Exceptions contained as Exhibit “C” thereto the written objections signed by every home owner in Venetian Gardens Subdivision, which objections had been filed with the City Council before it acted on June 15th. Exhibit “C” recited:
“Some of the reasons for our objections to rezoning are:
The safety of our children is involved due to increased traffic congestion on the narrow, dead end street.
The health of our families could be endangered due to the lack of adequate water supply and sewage disposal.
And, due to the above, property values in the area could be drastically reduced.”
A copy of the Minutes of the Mayor and Board of Commissioners of the City of Gulfport of June 15, 1971, was attached as Exhibit “E” to the Bill of Exceptions. Those Minutes recited that numerous residents of Venetian Gardens Subdivision objected to the proposed rezoning because they felt that the safety of their families and homes would be jeopardized by the construction of a sixty-unit apartment complex in a residential subdivision of *347 one-family homes. The Minutes reflected that 100% of the area neighbors signed petitions objecting to the rezoning.
The plat of Venetian Gardens Subdivision, attached as an Exhibit to the Bill of Exceptions, showed that the subdivision contained 64 residential lots in three blocks, that the only entrance to and exit from the subdivision was by way of a street named Via San Marco, 28.14 feet wide. Via San Marco was connected to a frontage road paralleling U. S. Highway 90.
Neither the Zoning Board nor the City Council found that conditions had changed in this subdivision since the original zoning. Probably the reason for this lack of any finding of changed conditions was the complete absence from the record of any evidence showing changed conditions.
Yet in spite of the complete lack of evidence and lack of any finding of changed conditions the circuit court affirmed the rezoning because “[Tjhis Court is unable to find that such ruling was unlawful, unreasonable, arbitrary or capricious.”
Lewis v. City of Jackson, 184 So.2d 384 (Miss.1966), is dispositive of this case. In Lewis, we said:
“The evidence does not show, and the Council did not find, that conditions had changed in this community which would make it to the best interest of the City to rezone this property. Under these circumstances, the rezoning from residential to commercial is unreasonable, arbitrary and capricious. . . . The difficulty here is that there is no finding by the City Council of any changes and no evidence to support such findings, had it been made. When we examine the order of the Council, we do not find anything therein to reflect that it considered the question of whether there had been any change of conditions so as to make it to the best interest of the City to rezone this property.” 184 So.2d at 387-388.
The judgment of the circuit court is reversed, and the request of A. S. Johnson to rezone his 22 lots from Residential to Commercial “A” is dismissed.
Reversed and rendered.
RODGERS, P. J., and JONES, INZER and BROOM, JJ., concur.